# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**IAN MICHAEL GAY,**

          **Plaintiff,**

**v.**                                      **Case No:   6:15-cv-2175-Orl-28DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

          **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **Motion to dismiss (Doc. No. 11)** |
| **FILED:** | **May 3, 2016** |
| _____ | |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

      Plaintiff Ian Michael Gay filed this social security appeal, and the Commissioner filed a Motion to Dismiss Plaintiff's appeal, contending that it was untimely filed.   Because it is undisputed that Plaintiff filed the appeal after the deadline established by the regulations, it is **respectfully RECOMMENDED** that the Motion be **GRANTED** and the appeal be **DISMISSED**.

### I.      Procedural History

      On December 28, 2015, Plaintiff filed his social security appeal to obtain judicial review of the final decision of the Commissioner denying his applications for a period of disability, disability

insurance benefits, and supplemental security income.   Doc. 1.   On May 3, 2016, the Commissioner filed a Motion to Dismiss Plaintiff's Complaint contending that Plaintiff's appeal was untimely filed and should be dismissed.   Doc. 11.   On May 17, 2016, Plaintiff filed his Response to the Motion to Dismiss.   Doc. 13.

At the Social Security Administration, on July 16, 2014, an administrative law judge (ALJ) issued a decision denying Plaintiff's claims for benefits under Title II and Title XVI of the Act and mailed a copy to Plaintiff.   Doc. 12, Nicoll Decl.. ¶ 3(a).   Plaintiff requested review of the ALJ's decision.   It is undisputed that the Appeals Council denied his request for review on October 20, 2015[1].   Doc. 12 ¶ 3(a); Doc. 13 ¶ 2.   Plaintiff filed his appeal in this Court on December 28, 2015. Doc. 1.

## II.      Standard of Timeliness & Application

On May 3, 2016, the Commissioner filed a motion to dismiss the complaint, based on the fact that Plaintiff had failed to initiate a civil action in a timely manner after his applications for disability insurance benefits and supplemental security income benefits had been denied by the Social Security Appeals Council.

In order for this Court to hear an appeal of a final decision of the Commissioner of Social Security, an action must be brought in district court "within sixty days after the mailing of notice of [a final] decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g); *see also Bowen v. City of New York*, 476 U.S. 467, 478–479, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986) (holding that, although the requirement of filing a complaint within sixty days is a period of limitations and not jurisdictional, it must be strictly construed as it is a condition on which the United States agreed to waive its sovereign immunity).   For purposes of computing

---

[1] Plaintiff did not request an extension of time to file a civil action from the Commissioner.   Doc. 12 ¶ 3(b).

the last date on which an appeal must be filed in federal court, Social Security regulations further provide that "the date of receipt of notice of denial . . . shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). Therefore, an appeal must be filed on or before the 65th day following the date of the denial letter.

On October 20, 2015, the Appeals Council sent notice of its denial by mail addressed to Plaintiff.   Given the date of the Appeals Council's notice, the deadline for Plaintiff to commence his civil action was December 19, 2015, with an additional five days for mailing, or December 24, 2015.   Plaintiff did not file suit until December 28, 2015, or 4 days after the statutory period in which to file such an appeal had elapsed.   The Commissioner also argues this case has presented no circumstances which would justify equitable tolling of the 60-day filing requirement.

In this case, Plaintiff concedes that December 24, 2015 was the deadline.   December 24, 2015 was not a federal holiday, although the Clerk's Office operations were on a curtailed schedule, it was open.   Doc. 13.   There is no indication that Plaintiff made any effort to meet the deadline, or to seek any extension, or to request after-hours access for filing.   Given the simplicity of complaints in social security disability appeals and counsel's evident awareness of the deadline, the failure to assure a timely filing is inexplicable.   Moreover, no basis for equitable tolling appears. The case should be dismissed as untimely.

It is respectfully **RECOMMENDED** that the Commissioner's Motion to Dismiss be **GRANTED** and Plaintiff's Complaint be **DISMISSED.**

<u>**NOTICE TO PARTIES**</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal

conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 25, 2016.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy